UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                No. 01-4208

TRACY GLENN JACKSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-192)

Submitted: September 28, 2001

Decided: November 5, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James B. Craven, III, Durham, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tracy Glenn Jackson appeals his conviction for robbing a postal employee of money belonging to the United States, in violation of 18 U.S.C.A. § 2114(a) (West 2000). Jackson's counsel filed a brief asserting that the district court erred in denying his motion for judgment of acquittal. In addition, Jackson filed a motion to file a pro se supplemental brief to assert claims of ineffective assistance of trial counsel.

After a thorough review of the trial transcript, we find that the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). We therefore find that the district court did not err in denying the motion for judgment of acquittal.

Jackson claims he was denied effective assistance of counsel because, inter alia, counsel advised him to be clean-shaven for trial, which altered his normal appearance and made him more closely resemble the composite drawings of the robbery suspect, and failed to interview prosecution or defense witnesses. Claims of ineffective assistance generally are not cognizable on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Consequently, although we grant Jackson's motion to file a pro se supplemental brief, we decline to consider Jackson's ineffective assistance claims because we find that the record does not conclusively show that counsel was ineffective.

We affirm Jackson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

*AFFIRMED*